475 A.2d 1203

ATTORNEY GRIEVANCE COMMISSION OF MARYLAND

v.

Whiteman Samuel TRUETTE III.

Misc. Docket (Subtitle BV) No. 33, September Term.

Court of Appeals of Maryland.

June 8, 1984.

Melvin Hirshman, Bar Counsel, Annapolis, for petitioner.
Ralph W. Powers, Jr., Upper Marlboro, for respondent.

Before MURPHY, C.J., and SMITH, ELDRIDGE, COLE, DAVIDSON, RODOWSKY and COUCH, JJ.

ORDER

WHEREAS, Whiteman Samuel Truette III will be suspended indefinitely as a member of the Bar of this Court on June 15, 1984 in accordance with an opinion of this Court filed on May 2, 1984 [299 Md. 435, 474 A.2d 211 (1984)]; and

WHEREAS the aforesaid suspension will not be implemented, however, if prior to that date Truette agrees by petition filed in this Court to fulfill various conditions set forth in the opinion; and

WHEREAS the Court has considered a verified petition that the suspension not be implemented filed by Truette and the response of the Attorney Grievance Commission; and

WHEREAS the Attorney Grievance Commission states that Truette has paid all costs assessed in these proceedings and that it knows of no other monetary obligations of Truette to the Clients' Security Trust Fund or others which have not been paid.

NOW, THEREFORE, it is this 8th day of June, 1984

ORDERED, by the Court of Appeals of Maryland, that the indefinite suspension of Whiteman Samuel Truette III

to commence on June 15, 1984 shall not be implemented; and it is further

ORDERED that Whiteman Samuel Truette III shall continue as a member of the Bar of this Court under the following conditions:

(1) He shall limit his legal practice to serving as an Assistant State's Attorney in the office, and under the direct supervision of, the State's Attorney for Carroll County.

(2) He shall participate in such activities as may be prescribed from time to time by the Director of the Lawyer's Counseling Program of the Maryland State Bar Association.

(3) He shall continue under the care and treatment of Dr. Mysior or other treating psychologist as may be needed until such time as it is fairly concluded that further treatment is unnecessary;

and it is further

ORDERED that a breach of any one of the above conditions will be considered grounds for implementation of the indefinite suspension, and said conditions shall remain in effect until further Order of this Court.